IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| BYRON SIMMONS, | ) Civil Action No. 5:11-1426-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| SCIENCE INTERNATIONAL APPLICATIONS CORP., | ) |
| Defendant. | ) |

Plaintiff, Byron Simmons ("Simmons"), filed this action on June 10, 2011. He alleges that his former employer, Science International Applications Corp. ("SIAC"), discriminated against him based on his race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.[1] Additionally, Simmons alleges claims under South Carolina law for defamation and negligent supervision. Defendant SIAC filed motions to dismiss Simmons' defamation and negligent supervision claims on July 21, 2011. On August 7, 2011, Simmons filed a response in opposition to the motion to dismiss his defamation claim. SIAC filed a reply on August 18, 2011.

**STANDARD FOR MOTION TO DISMISS**

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(g) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, __ U.S. at __, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## **FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF**[2]

1. Simmons, a black male, began his employment with SIAC in February 2007.

2. Simmons claims that black employees were routinely paid less than their white counterparts. Simmons received a salary of approximately $16 per hour. He claims that white employees performing the same function received $18-$20 per hour in salary.

3. On July 8, 2010, Simmons returned from a break, at which time Kenny Strickland ("Strickland"), a white male employee, began cursing and yelling at him.

4. Simmons reported the incident to Pauline Goodwin ("Goodwin") a white female who was his line lead and was present during the incident.

---

[2]These facts are taken from Simmons' Complaint.

2

5. On July 9, 2010, during a morning meeting, Strickland yelled to Simmons that "I'll [Strickland] take you out." During the incident, Goodwin and her supervisor, a white male, were present.

6. Simmons wrote a report which he submitted to plant manager Philip Serrano, a white male, on July 12, 2010. Serrano indicated he was unaware of the incident(s).

7. Simmons claims that SIAC was aware that Strickland had been involved in similar incidents in the past.

8. Simmons was terminated on July 13, 2010.

## **DISCUSSION**

Simmons alleges that SIAC defamed him by making numerous statements that were false, that these statements were defamatory per se, and the statements were published by Defendant. SIAC argues that its motions to dismiss should be granted because Simmons has failed to allege sufficient facts in support of his claims such that his claims fail as a matter of law. Simmons argues that the motion to dismiss his defamation claim should be denied because: (1) SIAC's motion is untimely; (2) he has correctly and sufficiently pled the elements of defamation under South Carolina law; and (3) the Erie doctrine precludes dismissal of a pendant state law claim pursuant to a federal common law standard such as Iqbal/Twombly. Alternatively, he asks that the Court allow amendment of his complaint to provide specificity to these allegations.

    A.    Timeliness of 12(b)(6) Motion

Simmons appears to argue that SIAC's motion is untimely pursuant to Fed.R.Civ.P. 12(b) because it was made after SIAC filed its answer. Rule 12(b)(6) provides, in part that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is

3

allowed." Fed.R.Civ.P. 12(b). SIAC filed its motions to dismiss (Docs. 6 and 7) on July 21, 2011. Its answer (Doc. 8), filed later the same day, was filed after SIAC's motions to dismiss.[3]

B. Erie Doctrine

Simmons argues that the Erie Doctrine precludes dismissal of a pendant claim (defamation) pursuant to a federal common law standard such as Iqbal/Twombly. He has, however, provided no authority to support this argument.

Under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), "[f]ederal diversity jurisdiction provides an alternative forum [to state courts] for the adjudication of state-created rights, but it does not carry with it [the authority to generate] rules of substantive law." Gasperini v. Center for Humanities, Inc., 518 U.S. 418, 426 (1996). Accordingly, "federal courts sitting in diversity apply state substantive law and federal procedural law." Id. at 427. In Hanna v. Plumer, 380 U.S. 460 (1965), the Supreme Court of the United States held that the Federal Rules of Civil Procedure are not subject to a traditional Erie analysis. Id. at 469–70. Instead, the Federal Rules apply in all cases pending in federal court—despite a directly contradictory state law or rule of procedure—so long as the rule at issue neither (1) "exceed[s] the congressional mandate embodied in the Rules Enabling Act" nor (2) "transgress[es] constitutional bounds." Hanna, 380 U.S. at 464; see also Davis v. Piper Aircraft Corp., 615 F.2d 606, 611–12 (4th Cir.1980) ("Hanna commands that unless Rule 15(c) is invalid

---

[3]Further, even if the motions were untimely filed, many courts have concluded that a court may construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); Satkowiak v. Bay County Sheriff's Dep't, 47 F. App'x 376, 377 n. 1 (6th Cir. 2002). "[A] motion under Rule 12(c) ... is assessed under the same standard that applies to a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Edwards, 178 F.3d at 243).

4

because violative of the Rules Enabling Act or the Constitution, it controls decision without regard to any contrary state rule."). Hanna applies both to the Federal Rules themselves and court holdings "derived directly" from the Federal Rules. Travelers Ins. Co. v. Riggs, 671 F.2d 810, 813 (4th Cir. 1980). Simmons has not shown that Iqbal and Twombly are inapplicable here.

    C.    Defamation Claim

SIAC argues that Simmons fails to state a claim for defamation because he has not identified any statements made by SIAC, has not alleged to whom such statements were published, and does not allege any facts supporting that these statements "tended to impeach the honesty, integrity, and reputation of Plaintiff, thereby exposing him to public hatred, contempt, and ridicule,...injuring...Plaintiff's reputation." Simmons argues that he has asserted sufficient facts to state a defamation claim because he indicated numerous times throughout his complaint that he was publically threatened by another employee, employees were in attendance at the meeting where Strickland proclaimed that he would take Simmons out, the employees were keenly aware of the altercation and angst that existed between the two men, SIAC terminated him in close proximity to these events which clearly left his fellow employees with the mindset that Simmons had done something improper, and the action of terminating him insinuates inadequacy and impropriety in his trade and profession such that it is actionable per se.[4] In its reply, SIAC argues that the mere act of terminating an employee is not defamatory, the words spoken by Simmons' fellow employee were not defamatory, and the words were not published by SIAC.

---

[4]Simmons asserts in his complaint that the statements against him were actionable per se, because they accused him of a crime. Complaint, Para. 29. He has, however, not identified what crime SIAC accused him of committing.

The tort of defamation allows a plaintiff to recover for injury to his or her reputation as the result of the defendant's communications to others of a false message about the plaintiff. Holtzscheiter v. Thomson Newspapers, Inc., 506 S.E.2d 497, 501 (S.C. 1998). Defamatory communications take two forms: libel and slander. Slander is a spoken defamation while libel is a written defamation or one accomplished by actions or conduct. Id. If a communication is libelous, then the law presumes the defendant acted with common law malice. Id. Under South Carolina law, to state a cause of action for defamation, a plaintiff must show the existence of some message that (1) is defamatory, (2) is published with actual or implied malice, (3) is false, (4) is published by the defendant, (5) concerned the plaintiff, and (6) resulted in legally presumed or in special damages.[5] Parker v. Evening Post Pub. Co., 452 S.E.2d 640, 644 (S.C. Ct. App. 1994), cert. denied, 516 U.S. 1172 (1996).

Simmons fails to state a claim for defamation that is plausible on its face. In his complaint, Simmons appears to allege that Strickland made defamatory comments to him on July 8 and 9, 2010. He, however, has not alleged that SIAC or any agent of SIAC made these statements or republished or endorsed these statements. Simmons, in his opposition memorandum, now appears to allege that his termination itself was a defamatory act because it insinuated inadequacy and impropriety in his trade or profession. He has, however, alleged no facts that SIAC made any statements concerning

---

[5] An allegedly defamatory statement can either be "actionable per se" or "not actionable per se." Holtzcheiter, 506 S.E.2d at 510. A statement that is actionable per se does not require proof of special damages. Id. A statement that is not actionable per se cannot support a defamation claim without evidence of "tangible losses or injury to the plaintiff's property, business, occupation or profession, capable of being assessed monetarily." Id. All libel is actionable per se, but slander is only actionable per se if it relates to one of the following five categories: (1) the commission of a crime of moral turpitude; (2) the contraction of a "loathsome disease"; (3) adultery; (4) lack of chastity; and (5) "unfitness in one's business or profession." Id. at 501. Whether a statement is actionable per se is a matter of law for the court. Id. at 510.

any inadequacy or impropriety in his trade or profession. To the contrary, he states that he was "inexplicably terminated." Complaint, Para. 14.

Simmons appears to now assert that he has stated a claim for defamation because his termination a few days after the incidents with Strickland is an actionable insinuation. Defamation need not be accomplished in a direct manner. Eubanks v. Smith, 354 S.E.2d 898 (S.C. 1987); Tyler v. Macks Stores, 272 S.E.2d 633 (S.C. 1980). A mere insinuation is actionable as a positive assertion if it is false and malicious and its meaning is plain. Id. In Tyler, a cause of action for defamation was stated where an employee was required to take a polygraph test, he was discharged soon thereafter, and the plaintiff contended that his firing immediately after the polygraph test raised insinuations among his fellow employees that he had been discharged for some wrongful activity. Tyler, 272 S.E.2d at 633-34. In Moore v. Rural Health Servs., Inc., No. 1:04-376-RBH, 2007 WL 666796 (D.S.C. Feb. 27, 2007), a claim that an employee was defamed because his employer requested the Sheriff's Department to escort him from the premises, informed the deputy that he was stealing the employer's property, and insisted that the deputy search his vehicle survived a motion for summary judgment. Here, however, Simmons has alleged no facts that SIAC took any action or made any statements that could be interpreted as defamatory. Simmons fails to allege a plausible claim of defamation based on his termination a few days after the Strickland incidents because he has not alleged facts to show that the meaning was plain. His claim fails to rise to the level of that alleged in Tyler.

    D.    Negligent Supervision Claim

SIAC argues that Simmons' negligent supervision claim should be dismissed because he has not pled facts sufficient to support a negligent supervision claim and because this cause of

7

action is barred by the "exclusivity provision" of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540. It is recommended that SIAC's motion to dismiss Simmons' negligent supervision claim be granted as Simmons did not respond to SIAC's motion to dismiss.

An employer may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control. Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992). Simmons fails to state a claim for negligent supervision that is plausible on its face as he has merely recited legal conclusions. He claims that Strickland began yelling and cursing at him for no apparent reason and jumped in his face and said he (Strickland) would take Simmons out.

Even if Simmons has stated a claim for negligent supervision, this claim is preempted by the exclusivity provision of the South Carolina Workers' Compensation Act ("SCWCA"), S.C. Code Ann. § 42-1-540, because Simmons alleges a personal injury arising out of and in the course of his employment. See Sabb v. South Carolina State Univ., 350 S.C. 416, 567 S.E.2d 231, 234 (S.C. 2002). Under circumstances where an intentional tort is committed by the employer or a tortfeasor/co-employee is an alter ego of the employer, employer liability may fall outside the scope of the SCWCA. See Dickert v. Metropolitan Life Ins. Co., 428 S.E.2d 700 (S.C. 1993); Peay v. U.S. Silicia Co., 437 S.E.2d 64 (S.C. 1993) ("only those injuries inflicted by an employer who acts with a deliberate or specific intent to injure are exempted from the exclusive remedy of the workers' compensation coverage."). Simmons has not alleged that an intentional tort was committed by SIAC or that Stickland was an alter ego of SIAC.

# CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss Plaintiff's defamation claim (Doc. 6) be granted and Defendant's motion to dismiss Plaintiff's negligent supervision claim (Doc. 7) be granted.

Joseph R. McCrorey
United States Magistrate Judge

February 13, 2012
Columbia, South Carolina